**DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **FIRSTBANK PUERTO RICO,** )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**PHYLLIS MISITE,** )<br>)<br>Defendant. )<br>) | Civil No. 17-09 |

ATTORNEYS:

**Carol Ann Rich, Esq.**
**Malorie Diaz, Esq.**
Dudley Rich Davis LLP
St. Thomas, VI
    *For FirstBank Puerto Rico,*

**Mark Kragel, Esq.**
**Tobi Ann Russek, Esq.**
**Ravinder Nagi, Esq.**
Bolt Nagi PC
St. Thomas, VI
    *For Phyllis Misite.*

## MEMORANDUM OPINION[1]

**GÓMEZ, J.**

Before the Court is the Magistrate Judge's report and recommendation addressing the motion of Phyllis Misite for leave to file counterclaims.

---

[1] The Court previously adopted the Magistrate Judge's report and recommendation. This memorandum opinion outlines the reasons for the Court's ruling.

**I. FACTUAL AND PROCEDURAL HISTORY**

In December, 2008, Phyllis Misite ("Misite") received a loan from FirstBank Puerto Rico ("FirstBank") for the purpose of constructing a home. She refinanced the loan in October, 2010.

In June, 2014, she refinanced the loan again. She also granted a mortgage over the property where she was building the home. The loan and mortgage were then modified in September 2015.

In August, 2016, Misite allegedly defaulted after failing to make payments as required by the loan and mortgage. FirstBank then filed this debt and foreclosure action against Misite on February 6, 2017.

James Lawrence ("Lawrence"), an adult who resides at Misite's residence in the Virgin Islands, accepted service of the lawsuit on February 14, 2017, at Misite's residence. Misite has neither contested service nor indicated that she was unaware of the lawsuit.

On February 28, 2017, James Lawrence, purporting to act as Misite's "attorney-in-fact," filed a document that he described as a "brief summation" in reply to the lawsuit.[2] That document

---

[2] In that document, Lawrence asserted that he was "writing on behalf of Phyllis Misite as I am her Durable Power of Attorney." ECF No. 7.

was docketed by the Clerk of Court as an answer to the complaint. ECF No. 7.

Lawrence also participated in a purported planning meeting (the "Rule 26 conference") with counsel for FirstBank, pursuant to Federal Rule of Civil Procedure 26, and signed the report of that meeting. He then attended a scheduling conference in this matter before Magistrate Judge Ruth Miller on April 4, 2017. At that conference, the Magistrate Judge indicated to Lawrence that Lawrence could not represent Misite because he is not a lawyer.

On the same day, the Magistrate Judge issued a trial management order. Misite has never contended she was unaware of that order or the deadlines contained therein.

On June 20, 2017, FirstBank filed a motion to strike the summation filed by Lawrence, which had been docketed as an answer. FirstBank asserted that such action was appropriate because the document was not filed by Misite, or an attorney acting on her behalf.

On June 26, 2017, Misite filed a motion to modify the trial management order to include an extension of time to mediate. In that motion, she acknowledged that the trial management order required the parties to mediate by July 14, 2017. ECF No. 18.

On June 27, 2017, FirstBank moved for entry of default against Misite.

On July 13, 2017, an attorney from Bolt Nagi PC filed a notice of appearance on behalf of Misite. Later that day, the Magistrate Judge struck the purported answer filed by Lawrence, and granted Misite leave to file an answer by July 24, 2017. Misite did not file an answer by that date.

On August 1, 2017, FirstBank moved to extend the deadline for filing dispositive motion from August 1, 2017, to August 22, 2017. FirstBank asserted that its proposed modification to the trial management order was appropriate "to allow for the Defendant to file a respons[ive pleading], and for the parties to attempt to reach a mediated solution, before plaintiff is forced to incur the cost of preparing a motion for summary judgment." ECF No. 23, at 2.

In her response, Misite agreed that certain modifications to the trial management order were appropriate. Misite suggested that the Court: (1) extend the deadline to file a responsive pleading to August 11, 2017; (2) extend the deadline to commence mediation to September 30, 2017; (3) extend the deadline to complete all fact and written discovery to September 30, 2017; and (4) extend the deadline to file disposition motions to

October 6, 2017. The Magistrate Judge did not rule on the motion.[3]

On August 22, 2017, Misite filed a motion seeking leave to file an answer out of time. ECF No. 25. The Magistrate Judge granted that motion. ECF No. 26. Misite then filed her answer on August 23, 2017. ECF No. 27. Misite's answer did not allege any counterclaims.

Misite filed a motion to amend her answer to assert counterclaims on October 24, 2017. The Magistrate Judge held a hearing on that motion on November 21, 2017. On January 29, 2018, the Magistrate Judge issued a report and recommendation recommending that the Court deny Misite leave to file an amended answer and counterclaims. Specifically, the Magistrate Judge: (1) determined that Misite was not entitled to file an amended answer and counterclaims as of right, and (2) declined to grant Misite leave to amend her answer to assert counterclaims.

On February 8, 2018, Misite filed objections to the Magistrate Judge's report and recommendation.

## II.  DISCUSSION

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days

---

[3] On January 31, 2018, the Magistrate Judge determined that the motion was moot. ECF No. 55.

after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* When no objection to a magistrate's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While ... [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed.Appx. 125 (3d Cir. 2008)(explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more

limited and is conducted under the far more deferential standard of 'plain error' ").

### III. ANALYSIS

Misite objects to the Report and Recommendation on two bases: (1) that she was entitled to file her counterclaims as of right, without leave of the Court, and (2) that Misite's motion to amend the pleadings demonstrates good cause and excusable neglect.

**1. Amendment as of Right**

An amended pleading may be filed once as of right within: (1) "21 days after serving" the pleading; or (2) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

Misite contends that she may file an amended complaint as of right because she served her initial answer on August 23, 2017; filed her motion for leave to file an amended answer with counterclaims on October 24, 2017; and that an order issued by Chief Judge Wilma Lewis had tolled her 21-day period for filing an amended complaint. Thus, the Court must consider the order issued by Chief Judge Lewis.

On October 2, 2017, Chief Judge Lewis issue an "Order Concerning District Court Operations In Light of Hurricane Irma and Hurricane Maria" (the "Continuance Order"). The Continuance Order provided, in pertinent part, that:

> All civil and criminal matters scheduled before any judge or magistrate judge in either Division of the District Court of the Virgin Islands from September 5th through October 29th, 2017, including any deadlines associated therewith, are CONTINUED pending further Order of the Court . . . .

*Order Concerning District Court Operations in Light of Hurricane Irma and Hurricane Maria*, *available at* http://www.vid.uscourts.gov/sites/vid/files/general-ordes/HuricaneOrder2017.pdf. The order also indicated "CM/ECF is available for the filing of documents . . . ." *Id.*

The Magistrate Judge recommends the Court hold that the Continuance Order did not extend the time for Misite to file an amended complaint. Specifically, she states that:

> The October 2, 2017 Order provides that "matters scheduled before any [] judge [] from September 5th through October 29th, 2017, including any deadlines associated therewith, are CONTINUED pending further Order of the Court. . . ." [ECF 1 in in Case: 1:17-mc-11] (emphasis added). The Order further provides: "CM/ECF is available for the filing of documents. . . ." Id. Thus, this Court interprets the October 2, 2017 Order as primarily providing a safe harbor for those litigants who had matters scheduled before judges of the District Court, but who could not

>physically attend those matters because of the closure of the two courthouses. The Chief Judge explicitly noted that the electronic filing and case management system had been, and continued to be, available.
>
>Moreover, the courthouse in the St. Thomas-St. John Division, in which this case is pending, was open on a limited basis to accept hard copy filings starting on September 28, 2017, and for all business purposes beginning October 10, 2017. Under these circumstances, the Court cannot conclude that the time limit provided in the Federal Rules for a filing, such as an amended pleading, was utterly abrogated by the Chief Judge's October 2, 2017 Order. Thus, the Court finds Misite did not file her amended pleading within 21 days after serving the original answer, as required by Rule 15(a)(1)(A), so as to be entitled to amend as of right. She must, therefore, seek and be granted leave before filing the counterclaims.

ECF No. 53, at 7.

Misite objects on the basis that the Continuance Order is best interpreted as extending all deadlines before this Court that fall between September 5, 2017, and October 29, 2017.

The Continuance Order is somewhat ambiguous. The word "matter" and the language "including any deadlines associated therewith" leave some room for the interpretation advanced by Misite. Nevertheless, when the order is considered as a whole, the Court concludes that the Magistrate Judge's interpretation is correct for essentially the same reasons as stated in her

report and recommendation. The use of the "scheduled before any judge" language clarifies the order and should have indicated to counsel that the Continuance Order only applied to cases where a proceeding was scheduled before the Court.

The expansive interpretation of the Continuance Order advanced by Misite is also inconsistent with the law. Misite filed her initial answer on August 23, 2017. The deadline for filing an amended complaint expired 21 days later--that is, on September 13, 2017. It was not until October 2, 2017, that Chief Judge Lewis *sua sponte* issued a *nunc pro tunc* order extending certain deadlines.

That October 2, 2017, order was issued after the deadline for filing an amended answer as of right had passed. Once a deadline has expired, that deadline may only be extended upon motion of a party. *See* Fed. R. Civ. P. 6(b)(1)(B)("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."); *Drippe v. Tobelinski*, 604 F.3d 778, 784–85 (3d Cir. 2010) ("We agree that Rule 6(b) and *Lujan* require motions, untimely under the Rules, to be filed in accordance with the requirements of Rule 6(b)(1)(B). Thus a party must make a formal motion for extension of time and the district court must make a

finding of excusable neglect, under the *Pioneer* factors, before permitting an untimely motion."). Misite did not move for an extension of time to file an amended answer and counterclaims before October 2, 2017. As such, because the Continuance Order was issued after the 21-day period for filing an amended answer as of right had expired, it clearly was not intended to address circumstances such as Misite's deadline to file an amended answer as of right.

Accordingly, the Court agrees with the Magistrate Judge that the Continuance Order did not extend Misite's deadline to file an amended answer and counterclaims as of right.

### 2. Leave of Court

A defendant also may file an amended answer upon leave of the court. Fed. R. Civ. P. 15(a)(2). Generally, the Court "should freely give leave when justice so requires." *Id.* However, that is not the rule when filing an amended complaint would violate a scheduling order. *See Sang Geoul Lee v. Won Il Park*, No. 17-1421, 2017 WL 6508840, at *4 (3d Cir. Dec. 20, 2017). Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As such, when a party seeks to file a pleading and filing that pleading would violate a scheduling order, "the lenient Fed. R. Civ. P. 15(a)(2) standard that '[t]he court should freely give

leave when justice so requires' yields to the good cause requirement." *Sang Geoul Lee*, 2017 WL 6508840, at *4.

Here, the Magistrate Judge issued a scheduling order on April 4, 2017. The scheduling order provided that "[t]he deadline for seeking leave to amend pleadings or add new parties is May 1, 2017." ECF No. 15, at ¶ 2.

Misite objects to being bound by the deadlines specified in the Scheduling Order because she was not present or represented by an attorney during the Rule 26 conference; did not agree to the report from that conference; and was not present or represented by an attorney during the scheduling conference.

Rule 16(b) provides that:

> **(1) *Scheduling Order.*** Except in categories of actions exempted by local rule, the district judge--or a magistrate judge when authorized by local rule--must issue a scheduling order:
>
>   **(A)** after receiving the parties' report under Rule 26(f); or
>   **(B)** after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference.
>
> **(2) *Time to Issue.*** The judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared.

Fed. R. Civ. P. 16(b).

Rule 16(b) requires that the Court issue a scheduling order under certain circumstances. It does not prohibit the Court from issuing such an order when those conditions have not been satisfied. Indeed, Rule 16(b) itself provides some indication that a scheduling order may be issued before a defendant appears. For example, Rule 16(b)(2) requires the Court to issue a scheduling order "as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). By providing a deadline that permits issuance of a scheduling order after any defendant has been *served*, Rule 16(b) contemplates that a scheduling order may be issued before a defendant appears.

As such, because the Court issued a trial management order and Misite sought leave to file an amended answer and counterclaims beyond the deadline specified in that order, Misite's motion for leave is governed by the good cause standard. *Sang Geoul Lee*, 2017 WL 6508840, at *4.

Misite contends that there is good cause to permit the assertion of her counterclaims because:

> Misite's first appearance before the Court occurred[on June 28, 2017,] forty-eight (48) days after the deadline for amending the pleadings had

> tolled. What's more is that Misite sought and was granted leave to file her responsive pleading on August 23, 2017 with Plaintiff's consent. Finally, Misite worked as quickly as possible to file her motion to amend her answer to assert a counterclaim as soon as her counsel obtained, albeit random and spotty, electrical and internet service following two category five hurricanes.

ECF No. 57, at 9.

Significantly, Misite has not: (1) objected to service in this matter, which occurred in February, 2017; (2) argued that she was unaware of the action or the trial management order; or (3) argued that the deadlines specified in the scheduling order were unreasonable.[4]

She was also provided an opportunity to file counterclaims when the Court granted her leave to file an answer in August, 2017. She has not provided any explanation for not asserting her counterclaims in that pleading. Furthermore, Misite has never argued that the facts underlying those claims were not known to her.

While the Court is well aware of the difficulties caused by Hurricanes Maria and Irma, Misite has not explained her failure to file her counterclaims in her August 23, 2017, answer, or

---

[4] Indeed, if she had made such assertions when she first appeared on June 28, 2017--by acknowledging the trial management order and filing a motion to postpone mediation--or otherwise requested additional modifications to the trial management order at that time or shortly thereafter, a much stronger case for good cause arguably may have been presented.

earlier, and has not argued that the facts underlying those claims were not known to her. As such, she has not satisfied her burden of showing that a modification to the trial management order is warranted by good cause. *Cf. Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 765 (9th Cir. 2017) ("The defenses and counterclaim they sought to add were based on the work-out agreement, which Defendants knew about long before the deadline to amend had passed. Defendants were thus not diligent. The district court did not abuse its discretion in concluding that Defendants did not demonstrate good cause. That, on its own, was a sufficient reason to deny Defendants' motion."). Accordingly, the Court agrees with the Magistrate Judge's recommendation to deny Misite leave to amend her complaint to assert counterclaims.

For the reasons stated above, the Court adopted the Magistrate Judge's report and recommendation and denied Misite's motion for leave to file an amended answer and counterclaims.

S\_____
**CURTIS V. GÓMEZ
District Judge**