**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **FIRSTBANK PUERTO RICO,** )<br>)<br>     **Plaintiff,** )<br>) **Civil No. 17-09**<br>     **v.** )<br>)<br>**PHYLLIS MISITE,** )<br>)<br>     **Defendant.** )<br>)<br>_____ ) | |

ATTORNEYS:

**Carol Ann Rich, Esq.**
**Malorie Winne Diaz, Esq.**
Dudley Rich Davis LLP
St. Thomas, VI
     *For FirstBank Puerto Rico.*

**Mark Kragel, Esq.**
**Tobi Ann Russek, Esq.**
**Ravinder Nagi, Esq.**
Bolt Nagi PC
St. Thomas, VI
     *For Phyllis Misite*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Phyllis Misite for reconsideration of the Court's order granting summary judgment to FirstBank Puerto Rico.

### I.   FACTUAL AND PROCEDURAL HISTORY

In December of 2008, Phyllis Misite ("Misite") received a loan from FirstBank Puerto Rico ("FirstBank") for the purpose of

constructing a home. She refinanced the loan in October of 2010 and again in June of 2014. Misite also granted FirstBank a mortgage over the property where she was building the home. The loan and mortgage were modified in September of 2015.

In August of 2016, Misite defaulted after failing to make payments as required by the loan and mortgage. On February 6, 2017, FirstBank commenced this debt and foreclosure action against Misite. On December 20, 2017, FirstBank moved for summary judgment on its claims. On February 15, 2018, the Court entered an order granting FirstBank summary judgment. The Court subsequently issued a memorandum opinion on August 17, 2019, explaining the Court's reasons for granting summary judgment.

On March 1, 2018, Misite filed a motion for reconsideration of the Court's order granting FirstBank's motion for summary judgment. On March 8, 2018, before the Court ruled on her motion for reconsideration, Misite appealed the Court's order granting summary judgment for FirstBank. Subsequently, the Court placed this matter on the suspense docket noting that it could "[]not proceed because [this matter] is the subject of proceedings before the United States Court of Appeals for the Third Circuit." ECF No. 91 at 1. On March 19, 2018, the Third Circuit stayed Misite's appeal, explaining that her motion for reconsideration in this Court was "a timely post-decision motion

of a type specified by Fed. R. App. P. 4(a)(4)." *See* 3d Cir.

App. No. 18-1512, Doc. No. 003112878867 at 1.

## II.   DISCUSSION

Local Rule of Civil Procedure 7.3 permits motions for

reconsideration only when there is (1) an intervening change in

controlling law; (2) new evidence available; or (3) a need to

correct clear error or prevent manifest injustice. LRCi 7.3; *see*

*also Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d

669, 677 (3d Cir. 1999) (*citing North River Ins. Co. v. CIGNA*

*Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion

for reconsideration "shall be filed within fourteen (14) days

after entry of the order or decision unless the time is extended

by the Court." LRCi 7.3.

The purpose of a motion for reconsideration "is to correct

manifest errors of law or fact or to present newly discovered

evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.

1985). "Such motions are not substitutes for appeals, and are

not to be used 'as a vehicle for registering disagreement with

the court's initial decision, for rearguing matters already

addressed by the court, or for raising arguments that could have

been raised before but were not.'" *Cabrita Point Dev., Inc. v.*

*Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT & T*

*of the V.I.*, 312 F. Supp. 2d 731, 733, 45 V.I. 553 (D.V.I. 2004)).

In the context of a motion to reconsider, "manifest injustice 'generally means that the Court overlooked some dispositive factual or legal matter that was presented to it.'" *Id.* (quoting *In re Rose*, No. 06-1818(JLP), 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). Manifest injustice has also been defined as "'an error in the trial court that is direct, obvious, and observable.'" *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004) (quoting Black's Law Dictionary 974 (7th ed. 1999)). "[M]ost cases . . . use the term 'manifest injustice' to describe the result of plain error." *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).

## III. ANALYSIS

### A. New Arguments

Misite's motion for reconsideration raises several arguments for the first time: (1) that the parties never submitted "evidence that a good faith effort was made to settle the matter through mediation," 28 V.I.C. § 531, as required by Virgin Islands law; (2) that the note in this matter was not a "negotiable instrument," 11A V.I.C. § 3-104, under Virgin Islands law; (3) that FirstBank had no right to accelerate the

amount due on the note and mortgage because the construction of
Misite's home was a condition precedent of Misite's obligation
to pay FirstBank any money; and (4) that a liability waiver
signed by Misite was "an illusory promise" that "eviscerate[d]
all consideration from the purported agreement," *see* ECF No. 73
at 16-17. Misite does not claim that any of these arguments were
previously unavailable to her.

Newly raised but previously available arguments are not an
appropriate basis for reconsideration. *See United States v.
Kalb*, 891 F.3d 455, 467 (3d Cir. 2018) ("In denying the motion
for reconsideration, the District Court determined the
government's arguments 'could as well have been made earlier'
and were accordingly 'not a proper basis for reconsideration.'
We agree and find no abuse of discretion in the District Court's
denial of the motion." (citation omitted)); *Soly v. Warlick*, No.
CV 1991-0212, 2014 WL 1316152, at *8 (D.V.I. Mar. 31, 2014) ("A
motion for reconsideration is not the vehicle for setting forth
purportedly new arguments 'that could have been made prior to
the entry of judgment.'" (quoting Wright & Miller, 11 Fed. Prac.
& Proc. Civ. § 2810.1 (3d ed.)); *Richard Feiner & Co. v. BMG
Music Spain*, No. 01 CIV. 0937 (JSR), 2003 WL 21496812, at *1
(S.D.N.Y. June 27, 2003) ("[P]laintiff is advancing new
arguments without excuse as to why these arguments were not

raised previously, and these arguments are therefore not cognizable on a motion for reconsideration.").

### B. Failure to Consider Certain Admissions of FirstBank

Misite argues that "the Court committed clear error in failing to consider the material facts admitted by Plaintiff that establish Plaintiff's fraudulent inducement of Misite to execute the agreement." *See* ECF No. 73 at 15. As an initial matter, Misite cites to nothing in the record indicating that FirstBank "admits that it provided this false information to Misite." *Id.* at 16.

Further, the basis for the Court's rejection of Misite's fraudulent inducement claim was not that she failed to establish that FirstBank provided Misite with false information. Rather, the Court held that Misite had provided no evidence establishing that any reliance on that information was reasonable, an essential element of fraudulent inducement. *See* ECF No. 89 at 14-15 ("On the sparse factual record provided to the Court, the Court cannot, even when drawing all inferences in Misite's favor, conclude that the expenditure of funds described in her affidavit--which placed her in difficult economic circumstances--was reasonable in light of the representations made by FirstBank.").

### C. Breach by FirstBank

Misite argues that FirstBank materially breached their agreement, absolving Misite of any further obligations. The Court has previously considered and rejected this argument. *See* ECF No. 89 at 17 ("Misite's affidavit does not set out specific facts showing that FirstBank acted negligently after Misite agreed to the Note and the Construction Mortgage. Instead, it relies on conclusory assertions. Accordingly, her assertions are not sufficient to avoid summary judgment on this basis."). "[M]otions [for reconsideration] are not substitutes for appeals, and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Cabrita Point Dev., Inc. v. Evans*, No. CIV 2006-103, 2009 WL 3245202, at *2 (D.V.I. Sept. 30, 2009) (quoting *Bostic v. AT & T of the Virgin Islands,* 312 F.Supp.2d 731, 733 (D.V.I. 2004)).

The premises considered, it is hereby

**ORDERED** that Misite's motion for reconsideration docketed at ECF Number 73 is **DENIED.**

S\_____

**Curtis V. Gómez**
**District Judge**